# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT A. HOLMAN, | ) |
| Movant, | ) ) ) |
| v. | ) Case No. 4:08CV756 CDP |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's pro se "Petition for Sentence Correction in Re of Booker/Fan Fan." The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

On May 27, 1998, following a two-day trial, movant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g) and 924(e)(1). See United States v. Holman, Case No. 4:97CR396 CDP (E.D. Mo.). On October 29, 1998, movant was sentenced to 264 months imprisonment, which was ordered to run concurrently to the undischarged portion of a twenty-year state sentence he was serving. He appealed both his conviction and sentence, and both were affirmed. See United States v. Holman, 197 F.3d 920 (8th Cir. 1999). Subsequently, movant

brought a motion for relief under 28 U.S.C. § 2255 which this Court denied on the merits on October 26, 2001. See Holman v. United States, Case No. 4:99CV2035 CDP (E.D. Mo.). Movant did not appeal the denial of relief under § 2255.

Movant filed his second motion to vacate pursuant to 28 U.S.C. § 2255 on January 21, 2003. See Holman v. United States, Case No. 4:03CV74 CDP (E.D. Mo.). This Court transferred the motion to the United States Court of Appeals on March 27, 2003. On November 7, 2003, the Court of Appeals denied movant's request for permission to file a successive habeas corpus. See Holman v. United States, Case No. 03-2117 (8th Cir.).

In the instant motion, movant claims that he is entitled to a reduction in his sentence because he has been "denied his 6th Amendment Right to Trial by Jury in that the sentencing court utilized an unconstitutional portion of the Mandatory Sentencing Reform Act to enhance the Statutory Maximum allowed for a felon in possession of a firearm transported in interstate commerce." Movant relies on the Supreme Court cases of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005) as support for his contentions.[1]

---

[1] The Court notes, as an aside, that the rules announced in Blakely and Booker do not apply on collateral review. See United States v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006); Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). Accordingly, movant's claim, were it properly before the Court, would nonetheless fail.

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, his motion will be denied and the action dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's pro se "Petition for Sentence Correction in Re of Booker/Fan Fan Ruling" is **DENIED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of June, 2008.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE